UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL HASPEL,

    Plaintiff,

v.                                             Case No. 5:23-cv-83-MCR-MJF

CENTURION OF FLORIDA, *et al.*,

    Defendants.

                                                  /

## ORDER

Plaintiff Michael Haspel, proceeding *pro se*, has filed a "Motion to Appoint/Allow Cash Pawley to Act as Next Friend to Plaintiff Due to His Physical Incapacitation." Doc. 44. For the reasons discussed below, Haspel's motion will be denied.

### I. BACKGROUND

Haspel is an inmate of the Florida Department of Corrections housed at the Marion Correctional Institution. Doc. 44. Haspel seeks a court order "designating" another inmate—Cash Pawley (DC# K09343)—as Haspel's "next friend" for purposes of pursuing this case on Haspel's behalf in the district court and on appeal. *Id.* at 3. Haspel seeks authorization for Pawley to perform the following actions on Haspel's

behalf: (1) conduct legal research; (2) draft and file pleadings and motions; (3) assist and appear on Haspel's behalf at hearings or other court proceedings; and (4) be served with copies of all court filings and court orders. *Id.* at 2-3. Haspel states that he is unable to pursue this case on his own behalf because he is completely blind in his right eye and the vision in his left eye has deteriorated to the point that he requires significant assistance from other inmates.

## II. DISCUSSION

"The decision to appoint a 'next friend' or guardian ad litem rests with the sound discretion of the district court." *Scannavino v. Fla. Dep't of Corr.*, 242 F.R.D. 662, 666 (M.D. Fla. 2007) (footnote omitted) (citation omitted). "Unlike a determination of competency, a district court's decision whether to appoint a [next friend or] guardian ad litem is purely procedural and wholly uninformed by state law. *Id.* at 666-67; *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("It is well settled that the appointment of a guardian ad litem is a procedural question controlled by Rule 17(c).").

"A 'next friend' does not himself become a party to the [civil] action in which he participates, but simply pursues the cause on behalf of the

detained person, who remains the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (citations omitted); *accord Sanchez-Velasco v. Sec'y of Dep't of Corr.*, 287 F.3d 1015, 1026–27 (11th Cir. 2002); Generally, there are at least two prerequisites for "next friend" standing: (1) the "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action;" and (2) the "next friend" must "have some significant relationship with the real party in interest" or otherwise show that he is "truly dedicated to the best interests of" the real party in interest. *Whitmore*, 495 U.S. at 163-64 (citations omitted); *see also* Fed. R. Civ. P. 17; *Centobie v. Campbell*, 407 F.3d 1149, 1151 (11th Cir. 2005) (per curiam) (licensed attorneys do not automatically qualify as "next friend" without establishing more than an attenuated relationship).

Suing on a party's behalf as a "next friend" is separate and distinct from acting as legal counsel for the party. *See Devine v. Indian River Cnty. Sch. Bd.,* 121 F.3d 576, 581 (11th Cir. 1997) (concluding that Federal Rule 17(c) "permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon

such representatives to serve as legal counsel."), *overruled in part on other grounds, Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court."); *FuQua v. Massey*, 615 F. App'x 611, 613 (11th Cir. 2015) (the rights of parties to appear *pro se* is limited to parties conducting their own cases and does not extend to non-attorney parties representing the interests of others); *Hill v. Dempsey*, 2016 WL 3369263, at *1-2 (N.D. Fla. May 16, 2016) (the capacity of an individual or representative to sue as a next friend is separate and distinct from the next friend's ability to serve as legal counsel or proceed *pro se* on behalf of the real party in interest (citing *Devine*)).

    Here, Haspel has not shown that his physical limitations prevent him from pursuing this lawsuit on his own behalf, or that his poor eyesight requires the appointment of a "next friend" to protect his interests. Haspel filed this lawsuit *pro se* and has actively litigated this case *pro se* for the last eighteen months despite his poor eyesight. Haspel's court filings demonstrate that he is competent and able to

protect his owns interests, including presenting his position to the court without a "next friend."

Additionally, even if Haspel demonstrated that the appointment of a "next friend" was appropriate, that designation would not authorize a non-lawyer such as Pawley to file documents on Haspel's behalf, appear before the court on Haspel's behalf, or otherwise engage in the unauthorized practice of law. *See Devine* 121 F3d at 581; *Wheat*, 486 U.S. at 159; *FuQua*, 615 F. App'x at 613; *see also* Fla. Admin. Code Ann. R. 33-501.301(7)(i)(1), (7)(p). Essentially Haspel seeks to have this court authorize Pawley to practice law on Haspel's behalf. This court lacks the power to do so.

### III. CONCLUSION

For the reasons set forth above, it is **ORDERED**: Plaintiff's "Motion to Appoint/Allow Cash Pawley to Act as Next of Friend to Plaintiff Due to His Physical Incapacitation," Doc. 44, is **DENIED**.

**SO ORDERED** this 22nd day of October, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**