# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

MICHAEL HASPEL,

    Plaintiff,

v.                                        Case No. 5:23-cv-00083-MCR-MJF

CENTURION OF FLORIDA, *et al.*,

    Defendants.
_____/

## ORDER

Defendants have moved to dismiss Plaintiff's third amended complaint. Doc. 34. In response, Plaintiff has filed a motion for leave to amend his complaint accompanied by a proposed fourth amended complaint and a motion to exceed the page limit. Docs. 39–42. Plaintiff's proposed fourth amended complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, and Northern District of Florida Local Rule 5.7(B). Therefore, the undersigned will deny Plaintiff's motion for leave to amend without prejudice to Plaintiff renewing the motion with a properly-drafted amended complaint.

## I. BACKGROUND

Plaintiff initiated this civil rights action on March 23, 2023. Docs. 1, 2. He is suing five Defendants: (1) Centurion of Florida, (2) P. Jansen, (3) N. Hesser, (4) M. Fisher, and (5) Jane Doe. Doc. 19 at 2–4. The individual Defendants are employed by Centurion as nurses at the Gulf Correctional Institution. *Id.* Plaintiff alleges that the Defendants violated the Eighth Amendment because they all failed in some respect to provide Plaintiff with constitutionally adequate medical care for a retinal tear in his right eye. *Id.* at 6–12. As relief, Plaintiff requests compensatory and punitive damages. *Id.* at 13.

On June 5, 2024, Defendants filed a motion to dismiss the complaint for failure to state a claim. Doc. 34. In response, Plaintiff asserts that any pleading deficiencies can be cured by amendment. Doc. 39. Plaintiff's response was accompanied by his motion to amend and related filings. Docs. 40–42.

## II. DEFICIENCIES IN PLAINTIFF'S PROPOSED AMENDED COMPLAINT

As Plaintiff was advised in the undersigned's order of September 18, 2023, Rule 8 of the Federal Rules of Civil Procedure requires "**a short plain statement of the facts**" showing that Plaintiff is entitled to relief.

Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted, alteration in original). Each allegation "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 10 requires that the Plaintiff state his claims in **short, numbered paragraphs**, each limited as far as practicable to a **single event or incident**. Fed. R. Civ. P. 10(b); *cf.* Doc. 18 at 7.

These pleading requirements are reflected in the Local Rules for the Northern District of Florida. Local Rule 5.7 requires *pro se* litigants to use a structured, court-approved complaint form. N.D. Fla. Loc. R. 5.7(A). The complaint form provides very clear instructions. For example, the Statement of Facts must state the allegations in short, numbered paragraphs that are limited as far as practicable to a single event or incident. The Statement of Facts must not include legal arguments, or irrelevant or unnecessary matter. Barring extraordinary circumstances, no more than five additional pages should be attached. Exhibits attached to the complaint count toward the page limit.

Similarly, the Statement of Claims must be specific. If more than one legal claim is asserted against a defendant, the plaintiff must "number each separate claim and relate it to the facts alleged" in the Statement of Facts. The complaint, together with any memorandum or attachments generally must not exceed 25 pages. N.D. Fla. Loc. R. 5.7(C).

Plaintiff's proposed fourth amended complaint violates the foregoing standards in several respects. Plaintiff's Statement of Facts contains numbered paragraphs that each span over a page and contain multiple allegations. Doc. 40 at 6–15. Plaintiff's allegations include conclusory statements, repetitive assertions, and unnecessary commentary. The unnecessary text results in the Statement of Facts being overly long (10 pages plus 2 exhibits).

The same is true of Plaintiff's Statement of Claims. Although Plaintiff assigned each Defendant a separate "Count," Plaintiff combined several causes of action within each "Count" without separating each cause of action into a separate paragraph and without providing a short and plain statement relating that cause of action to any particular facts. Also, each "Count" is replete with repetitive, conclusory, and overly verbose language. Doc. 40 at 16–26. The excessive length is not justified.

**If Plaintiff renews his motion to amend his complaint, his proposed amended complaint must correct these deficiencies.**

III. SOME OF PLAINTIFF'S PROPOSED AMENDMENTS ARE FUTILE

A. <u>Plaintiff's Proposed Joinder of the Florida Department of Corrections Is Futile</u>

Plaintiff seeks to add the Florida Department of Corrections as a Defendant, and proposes a damages claim against the FDC. This amendment would be futile for two reasons.

First, the FDC cannot be sued under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-71 (1989); *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995). Second, a damages claim is barred by Eleventh Amendment sovereign immunity. *Uberoi v. Supreme Court of Florida*, 819 F. 3d 1311, 1313 (11th Cir. 2016) ("Eleventh Amendment sovereign immunity prohibits federal courts from entertaining suits brought by citizens against a state, including its agencies and departments." (citations omitted)).

**If Plaintiff renews his motion to amend his complaint, his proposed amended complaint must not name, or assert any claims against, the Florida Department of Corrections.**

**B.  Plaintiff's Proposed Joinder of "Jane Doe #1" Is Futile**

Plaintiff also seeks to add "Jane Doe #1" as a Defendant. Doc. 40 at 4. Plaintiff, however, provides no factual allegations describing what this individual did that violated Plaintiff's constitutional rights. **Thus, Jane Doe #1" should not be included in any proposed amended complaint.**

### IV. CONCLUSION

For the reasons stated above, it is **ORDERED:**

1. Plaintiff's motion for leave to amend, Doc. 41, is **DENIED** without prejudice.

2. Plaintiff's proposed fourth amended complaint, Doc. 40, **SHALL NOT TAKE EFFECT.**

3. Plaintiff's motion for leave to exceed the page limit, Doc. 42, is **DENIED**.

4. The clerk of the court shall send to Plaintiff a § 1983 complaint form for use by prisoners. This case number and the words "Fourth Amended Complaint" should be written on the complaint form.

5. **On or before November 14, 2024**, Plaintiff shall file:

a. a response to Defendants' motion to dismiss that addresses the substance of Defendants' arguments; **OR**

b. a renewed motion for leave to amend accompanied by a proposed fourth amended complaint that is typed or clearly written, submitted on the court-approved form, and modified to correct the deficiencies outlined above.

**SO ORDERED** this 24th day of October, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**